**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 17, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

No. 03-20733
Summary Calendar

LORENZO LEWIS,

Plaintiff-Appellant,

versus

GARY L. JOHNSON; DALE STORY; MIKE MANGHAM;
MCLENDON, Officer; JAMES LESTER WALKER,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
(H-02-CV-1707)

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Lorenzo Lewis, Texas prisoner # 738181, appeals, *pro se*, the summary judgment dismissal of his 42 U.S.C. § 1983 claims. Lewis's claims are reviewed *de novo*. *E.g., **Skotak v. Tenneco Resins, Inc.**,* 953 F.2d 909, 912 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992).

The use of black-box handcuff apparatuses to restrain prisoners during transportation is not violative of the Eighth Amendment. *See **Fulford v. King**,* 692 F.2d 11, 14 (5th Cir. 1982).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lewis is not entitled to damages for any mental or emotional injury allegedly suffered when these restraints were applied to him in a vertical position, because any physical injury he suffered was *de minimis*. *See* 42 U.S.C. § 1997e(e); ***Alexander v. Tippah County, Miss.***, 351 F.3d 626, 631 (5th Cir. 2003). Furthermore, because the use of such apparatuses does not offend the Constitution, Lewis is not entitled, under the Prison Litigation Reform Act, to their use being enjoined. *See* 18 U.S.C. § 3626(a)(1)(A).

Finally, Lewis does not brief the issue whether the district court erred in not certifying a class action pursuant to FED. R. CIV. P. 23; therefore, that issue is waived. *See* ***Yohey v. Collins***, 985 F.2d 222, 225 (5th Cir. 1993).

***AFFIRMED***